[Civ. No. 3862. Second Appellate District, Division Two.—July 6, 1922.]

## GEORGE W. SNIDER, Respondent, v. FRANK P. DUNN et al., Appellants.

[1] HUSBAND AND WIFE — WIFE'S CONTRACT FOR SALE OF HUSBAND'S PROPERTY — LACK OF AUTHORITY — WANT OF KNOWLEDGE — SUFFICIENCY OF EVIDENCE.—In this action of ejectment to recover possession of a house and lot, which the defendants claimed to have entered into a contract to purchase from the wife of the plaintiff, the findings to the effect that the plaintiff had no knowledge of any contract between his wife and the defendants and that his wife had no authority from him to make such a contract have substantial support in the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred N. Arnoldy for Appellants.

Kemp, Mitchell & Silverberg and Alex W. Davis for Respondent.

CRAIG, J.—This action is one of ejectment to recover possession of a house and lot. Plaintiff is the owner of the property in question and the defendants originally entered thereon under a month to month tenancy. The monthly rental was twenty dollars. This was paid until April 6, 1919. At this date defendants discontinued the payment of rent. They allege that they then entered into an agreement for the purchase of the premises for the sum of two thousand five hundred dollars, to be paid on or before

May 4, 1921, and that they thereafter continued in posses-
sion under this contract, which was an oral one.

The trial court found that the plaintiff did not at any
time make a contract for the sale of the premises to the
defendants. The evidence showed without contradiction
that whatever arrangements were made by defendants to
buy were negotiated solely with Johanna Snider, the wife
of plaintiff. However, defendants insist that Johanna
Snider was the authorized agent of plaintiff and that, if
it be held that she did not have actual authority to sell
the property, she, at least, was his ostensible agent for that
purpose. The trial court found to the contrary on both
of these propositions. Appellants urge as ground for re-
versal that such findings are not supported by the evidence.
Finding 8 reads as follows:

''That on or about May 20, 1920, the defendants notified
plaintiff that they claimed to be in possession of said prem-
ises under a contract to purchase the same for Twenty-five
Hundred ($2500.00) Dollars, and that they would continue
in possession thereof under such alleged contract, and de-
nied that plaintiff had any rights in said premises other
than the right to receive the sum of Twenty-five Hundred
($2500.00) Dollars as the purchase price thereof and the
interest thereon. That prior to the receiving of said notice
plaintiff had no knowledge that the defendants claimed to
hold possession of said premises under such alleged con-
tract or any contract for the purchase of said premises,
and at no time acquiesced in the said claim, and immedi-
ately on obtaining knowledge of such claim plaintiff gave
notice to the defendants that no such agreement existed
and demanded of defendants that they pay rent for the use
of said premises. That defendants refused to pay said
rent and denied that they were in possession of said prem-
ises as tenants of the plaintiff and refused, and ever since
have refused to quit possession of said premises, and ever
since have continued and are now in possession thereof and
have claimed to hold said premises under such alleged con-
tract of purchase, and have withheld the possession of said
premises from the plaintiff.''

There is no dispute concerning the truth of the above
finding or that it is supported by the evidence, except that
part which states that the plaintiff had no knowledge of

the defendants' claims or that the defendants had made any agreement with any one to purchase the property in question. Concerning that matter the plaintiff testified on direct examination that he knew the Dunns moved upon the property; that he made no objection to their doing so; that he did not know of his own knowledge that they paid rent; that he had heard they were paying twenty dollars a month; that at no time did he have any conversation with them in which arrangements were made concerning their occupying the property. On cross-examination he testified that he had had no discussion with Mrs. Snider about the defendants buying the property except as follows:

"Q. But you did have a discussion with your wife at about that time, about April 1, 1919, in regard to selling this property to the Dunns, did you not? A. Yes, sir.

"Q. Now, what was that discussion? A. She said they wanted to buy the property and I said, 'Well, we will figure it up and see what it has cost us,'—and she made it about thirty-eight hundred, and I made it forty-two hundred.

"Q. Now, is that all that was said? A. There was something about the payments, and I said, 'Whatever arrangements you make, we must have interest on forty-two hundred.'

"Q. And is that all? A. That is all there was said about it.

"Q. Did you have any further conversation with your wife during that month or the month of May, 1919, in regard to selling this property to the Dunns? A. No, sir.

"Q. Did you have any talk with Mrs. Dunn in the month of May, in regard to the sale of this property and purchase of it by them? A. No, sir."

It is true that other witnesses contradicted George W. Snider, but the doctrine is too well settled to require the citation of authorities that, where there is a direct conflict in the evidence, the finding of the lower court will not be disturbed upon appeal. If the agreement was made by defendants with Johanna Snider and if the plaintiff had no knowledge of the execution of such a contract, clearly he cannot be bound by its terms unless he had authorized Johanna Snider to sell the property or clothed her with an ostensible agency to sell it. The trial court found that

Johanna Snider assumed to act as the agent of the plaintiff "without any authority of the plaintiff so to do." This finding is supported by the testimony of the plaintiff, who declared that he had not authorized his wife to sell the property except as discussed in the conversation above quoted. Appellant relies principally on the provisions of section 2317 of the Civil Code, which reads as follows: "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."

The trial court found that the plaintiff's wife, Mrs. Snider, "at all times mentioned and until the twentieth day of May, 1920, assumed and had full charge, management and control of said real property with the knowledge, consent and approval of the plaintiff," except as to the alienation of the property. Appellant argues that she, therefore, as her husband's agent, had power to collect the rents; and that if the defendants discontinued paying rent April 6, 1919, the plaintiff must be deemed to have had notice of that fact, and that, because he made no objections to their remaining in possession without paying rent until May 20, 1920, by such failure to object he became estopped to assert that he did not know of the agreement entered into by his wife and the defendants.

The situation presented falls far short of creating an estoppel. Respondent, as the owner of the property, owed no duty to the appellants to compel them to pay rent or require them to vacate. The ordinary care referred to in section 2317 of the Civil Code clearly refers to the care required by the law concerning matters having to do with agency. The fact that respondent permitted appellants to remain in possession for a year without paying rent has no relevancy to the question of the scope of Mrs. Snider's agency in dealing with the property.

There is testimony in the record from which it may be inferred that the plaintiff and respondent is an old man; that his wife is the mother of Mrs. Dunn, a daughter by a former husband. It appears that the Dunns did not discuss the transaction with Mr. Snider, although there seems to be no sufficient reason why they should not have done so; that they dealt entirely with Mrs. Snider in their alleged

purchase of the property, although they knew it was the separate property of Mr. Snider and, as far as they knew, Mrs. Snider had no authority to alienate it. The trial court observed the witnesses on the stand and, no doubt, gave serious consideration to their appearance and demeanor in arriving at its conclusions as to the truthfulness of their testimony and their probable conduct. [1] The findings to the effect that the plaintiff had no knowledge of any contract between his wife and the defendants and that his wife had no authority from him to make such a contract have substantial support in the evidence and it can serve no good purpose to review portions of the transcript in which George Snider's testimony is contradicted.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.